J-S07003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ZURIA MARTZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERECK MARTZ | : | |
| | : | |
| Appellant | : | No. 1629 MDA 2024 |

Appeal from the Order Entered August 19, 2024
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2022-00375

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                     **FILED JULY 06, 2026**

Dereck Martz ("Husband") appeals *pro se* from the order dissolving the matrimonial bond between Husband and Zuria Martz ("Wife").  We affirm.

We previously recounted the background of this matter as follows:

Husband and Wife married on April 15, 2017.  On December 17, 2017, a jury returned verdicts finding that Husband was guilty of rape, involuntary deviate sexual intercourse with a person less than [thirteen] years of age, statutory sexual assault, aggravated indecent assault of a person less than [thirteen] years of age, and indecent assault of a person less than [thirteen] years of age. Husband was subsequently sentenced to a term of imprisonment in a state correctional institution for a total period of [thirteen] to [fifty-two] years.

On March 15, 2022, Wife filed a complaint in divorce seeking a divorce pursuant to 23 Pa.C.S. § 3301(c) and (d) of the Divorce Code.  Wife averred in the complaint that the parties' marriage was irretrievably broken and that the parties had lived separate and apart for at least one year as of December 13, 2018.  There were no economic or ancillary claims asserted therein.

Thereafter, Wife served Husband an affidavit setting forth the date of separation and asserting that the marital bond was irretrievably broken. On September 16, 2022, Husband filed a counter-affidavit in which he contested Wife's assertion that the marriage was irretrievably broken. Husband, however, did not contest that the parties had lived separate and apart from, at least, December 13, 2018.

On October 31, 2022, Wife filed a motion seeking resolution of the issue asserted in Husband's counter-affidavit under [§] 3301(d) of the Divorce Code, *i.e.*, Husband's contention that the marriage was not irretrievably broken. The trial court convened a hearing on Wife's motion on December 22, 2022. Although arrangements were made for Husband to attend the hearing via video conferencing, due to delays in the court's schedule, Husband was unable to attend. At the hearing, Wife, through counsel asserted that the parties were separated for about five years at that point largely due to Husband's incarceration. Ultimately, on December 29, 2022, the trial court entered a final divorce decree dissolving the matrimonial bond between Husband and Wife.

*Martz v. Martz*, 315 A.3d 83, 2024 WL 620866, at *1 (Pa.Super. 2024) (non-precedential decision) (cleaned up).

Husband appealed. This Court vacated the divorce decree and remanded for a hearing. We determined the trial court had "acted contrary to § 3301(d)(ii) of the Divorce Code and Pa.R.Civ.P. 1920.42(c)(1)(iii)(B)" when it conducted an *ex parte* hearing with Wife and concluded that the marriage was irretrievably broken "without the benefit of on-the-record testimony, without opportunities for cross-examination, and without the receipt of any other evidence by either party." *Id*. at *3 (citations altered).

Upon remand, Wife praeciped for a hearing, which the court scheduled for July 1, 2024. Husband, still incarcerated, failed to attend. The court rescheduled the hearing for August 5, 2024, and informed Husband that it was

his final opportunity to appear. Husband filed a *pro se* letter informing the court that he had never received notice of the July 1, 2024 hearing. He nevertheless would not have been prepared, he explained, because he was awaiting the issuance of a subpoena for email correspondence between him and Wife. The messages were exchanged while Husband was in prison, therefore the Department of Corrections ("DOC") retained possession. A subpoena, dated July 18, 2024, was issued to the DOC to release any and all emails between Husband and Wife. The DOC refused to provide the communications. It referenced the Wiretap Act, stated that a subpoena was not sufficient to compel release of the emails, and demanded a court order. Husband filed a motion to compel compliance with the subpoena, which was docketed the same day of the hearing on August 5, 2024.[1]

At the ensuing hearing, Husband brought the subpoena to the court's attention but did not request a continuance to obtain the emails. The court deferred ruling on the motion to compel and proceeded with the hearing. Wife testified that she had been living separate and apart from Husband since he was incarcerated in 2018. She confirmed that she had no desire to reconcile their relationship, she was afraid of Husband, and she had been living with

_____

[1] The motion was dated August 1, 2024. The docket does not reveal when Husband provided the motion to prison authorities. **See Commonwealth v. Johnson**, 192 A.3d 1149, 1152 (Pa.Super. 2018) (explaining that "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing).

- 3 -

another man for four months whom she planned to marry following the issuance of a divorce order.

Husband cross-examined Wife as to the emails in question. She agreed that during March and April 2024, she sent emails to Husband with signature lines such as "your wife," "your sexy wife," and "your loving wife." N.T., 8/5/24, at 15-16. She had also referred to Husband as "my love" several times. *Id*. at 19. Wife clarified, however, that she had sent the emails after this Court vacated the December 29, 2022 decree and remanded for a hearing to "persuade" Husband to agree to a divorce. *Id*. at 21. She explained that she was fearful of what Husband might do to her once he is released from prison. Even if Husband were not incarcerated, Wife confirmed that she would still want a divorce.

Husband testified that the marriage was not irretrievably broken where Wife had been acting like his spouse up until she filed for divorce. He maintained that she had expressed to him in the emails that she did not want a divorce. At the conclusion of the hearing, Husband asked if the court could continue the proceedings so that he could obtain copies of the emails and introduce them as exhibits. The court took the motion to compel compliance with the subpoena under advisement.[2]

---

[2] By order dated August 13, 2024, the court denied the motion.

- 4 -

On August 19, 2024, the court issued an order granting Wife the divorce, finding that she met her burden pursuant to § 3301(d). It further determined that the emails Husband wanted to introduce, which he had "explained the gist of" at the hearing, would not have changed the outcome of this matter. **See** Order, 8/19/24. In sum, the court concluded that a divorce was warranted where Wife was engaged to another man whom she had been living with for four months, she had no interest in continuing a marriage with Husband, and Husband was unable to fulfil marital duties due to his lengthy incarceration. **Id**.

Husband's appeal followed.[3] He filed a court-ordered Pa.R.A.P. 1925(b) statement, and the court authored a responsive statement of reasons in lieu of an opinion.[4] Presently, Husband raises the following questions for this Court's consideration:

---

[3] The docket fails to reflect that the trial court prothonotary provided written notice of the court's August 19, 2024 divorce order to Husband in accordance with Pa.R.Civ.P. 236(a)-(b) (requiring the prothonotary, *inter alia*, to "immediately give written notice of the entry of" judgments and any other court orders and "note in the docket the giving of the notice"). Husband's notice of appeal was docketed on September 23, 2024. Since there is no indication as to whether Husband was notified of the court's order, we deem the appeal timely. **See In re L.M.**, 923 A.2d 505, 509 (Pa.Super. 2007) (stating that the appeal period begins to run on the date that Rule 236(b) notice of the order has been given).

[4] The court's Rule 1925(b) order, filed on October 4, 2024, directed Husband to submit his statement within twenty-one days of the entry of the order. Husband filed his statement on October 29, 2024. The record is unclear as to when Husband delivered the document to prison authorities, but it is dated
*(Footnote Continued Next Page)*

- 5 -

I.     Whether the trial court committed an error of law and abuse of discretion granting [Wife] a divorce without deciding the outstanding motion to compel compliance of subpoena?

II.     Whether the trial court committed an error of law and abuse of discretion in determining that the weight of the evidence and the credibility of the witness was sufficient to grant the divorce?

Husband's brief at 2 (capitalization altered).[5]

Initially, we address the motion to compel compliance with the subpoena. Our analysis is guided by the following legal standards:

Whether a subpoena shall be enforced rests in the judicial discretion of the court. We will not disturb a discretionary ruling of a lower court unless the record demonstrates an abuse of the court's discretion. So long as there is evidence which supports the lower court's decision, it will be affirmed. We may not substitute our judgment of the evidence for that of the lower court.

*Branham v. Rohm and Haas Co.*, 19 A.3d 1094, 1103 (Pa.Super. 2011) (cleaned up). A trial court abuses its discretion where "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the

_____

October 22, 2024. Regardless, the docket fails to show that the prothonotary gave notice of the order to Husband pursuant to Rule 236(b). We have explained that waiver for an untimely Rule 1925(b) statement will not be found where the prothonotary fails to comply with Rule 236(b) in providing notice of the Rule 1925(b) order. *See Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223, 227 (Pa.Super. 2005). As such is the case herein, even if Husband's statement was untimely, we would decline to find waiver.

[5] Wife did not file a brief.

record." ***Walker v. Walker***, 321 A.3d 1060, 1063 (Pa.Super. 2024) (cleaned up).

Husband asserts that the emails were not in violation of the Wiretap Act, and the subpoena that was served on the DOC "was a court order for purposes of the [*sic*] complying with the Wiretap Act and no further order needed to be sought." Husband's brief at 13. He claims that "the trial court should have continued the hearing and addressed the merits of the outstanding motion to compel so that [he] could have had a full and fair opportunity to present his impeachment evidence[.]" ***Id***. at 14. In his view, he only had available "the dates and the subject lines of the relevant emails, not the critical content in the body of the email messages" and therefore could not "shake the testimony" of Wife. ***Id***. at 14.[6]

At the outset, we observe that the trial court did not deny Husband's motion to compel compliance with the subpoena based upon the Wiretap Act. Rather, the court explained that the motion was untimely, as it was filed the same day of the rescheduled hearing, and Husband still had the opportunity to testify and cross examine Wife regarding the content of the emails. ***See*** Trial Court Opinion, 1/8/25, at 2. It summarized that "[t]he fact that the

_____

[6] Husband attaches the emails to his brief without an explanation as to how or when he obtained them. Nonetheless, this Court cannot consider materials that were not part of the certified record. ***See*** Pa.R.A.P. 1921, *Note* ("An appellate court may consider only the facts which have been duly certified in the record on appeal.").

emails contained fond salutations at the end by [Wife] about five months prior to the hearing really had no bearing on the court's conclusion [that] a divorce was warranted." *Id*.

We discern no abuse of discretion. It was the DOC, not the trial court, that refused to comply with the subpoena based upon the Wiretap Act. The court, on the other hand, denied Husband's motion to compel compliance with the subpoena before issuing the divorce order because it was untimely and he nevertheless had the opportunity to question Wife about the emails. Irrespective of whether the DOC invoked a valid basis to refuse to comply with the subpoena, the court provided adequate alternative grounds to deny the motion to compel. Based upon the evidence supporting the trial court's decision, no relief is due. *See Branham*, 19 A.3d at 1103.

We now address Husband's challenge to the divorce order. In reviewing divorce actions, "it is the responsibility of this Court to make a *de novo* evaluation of the record of the proceedings and to decide independently of the lower court whether a legal cause of action in divorce exists." *Pankoe v. Pankoe*, 222 A.3d 443, 447 (Pa.Super. 2019) (cleaned up). As to credibility determinations, however, "the lower court's findings must be given the fullest consideration for it was the lower court who observed and heard the testimony and demeanor of various witnesses." *Frey v. Frey*, 821 A.2d 623, 627 (Pa.Super. 2003) (cleaned up).

The Divorce Code provides, in pertinent part, as follows:

(d) Irretrievable breakdown.—

(1) The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken and the defendant either:

(i) Does not deny the allegations set forth in the affidavit.

(ii) Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken.

23 Pa.C.S. § 3301. Husband does not contest that the parties have lived separate and apart since his incarceration in 2018. He instead avers that the marriage is not irretrievably broken. The Divorce Code defines "irretrievable breakdown" as "[e]strangement due to marital difficulties with no reasonable prospect of reconciliation." 23 Pa.C.S. § 3103.

The trial court concluded that Wife's testimony at the hearing established that she was "unequivocal that she had no interest in [Husband], the marriage was irretrievably broken, [and] they had been separated . . . since his incarceration[.]" Trial Court Opinion, 1/8/25, at 1. Despite Husband's knowledge that Wife was engaged to marry someone else, and considering his lengthy incarceration, the court determined that he had "unrealistic" expectations of reconciliation. *Id*. at 2. The court credited Wife's explanation that she sent emails to Husband in an effort to convince him to

give her a divorce because she feared that he would harm her once he is released from prison. *Id*. at 1.

Husband avers that Wife was incredible "and very little weight should be given to her testimony." Husband's brief at 16. Without further explanation, Husband asserts that Wife lied on the stand "as to the last time she was in communication with [Husband, o]nly to concede that she did in fact initiate communication with [Husband] as late as April, 2024 [*sic*]." *Id*. Husband cites seven cases for the proposition that the credibility of witnesses is a determinative factor in divorce proceedings, and where a court finds a plaintiff unworthy of belief, "a divorce will be refused." *Id*. at 17-18.

We find that Wife's unwavering disagreement with Husband's assertion that she desired to be married to him to be "precisely the breakdown in communication that satisfies the definition of irretrievable breakdown." *Pankoe*, 222 A.3d at 449. Instead of confirming Husband's contention that Wife did not want a divorce, she testified that she feared him. Wife was also engaged to and residing with another man. Moreover, the trial court, who was in the best position to assess Wife's sincerity, found her credible. *See Frey*, 821 A.2d at 627. The facts support the trial court's determination that a divorce was warranted pursuant to § 3301(d). *See Mackey v. Mackey*, 545 A.2d 362, 366 (Pa.Super. 1988) (holding that evidence was sufficient to support the determination that the parties' marriage was irretrievably broken where they had resided in separate living quarters in same home for three

years, husband no longer desired to be married to wife, and husband had romantic relationships with other women).

As Husband has failed to prove that he is entitled to relief, we affirm the court's order granting the divorce.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/06/2026